# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ALVARO CASTILLO and FELIPE MORENO, <br><br> Plaintiffs, <br><br> v. <br><br> SCOTT BYRON & CO., INC.; SCOTT BYRON, individually; and ANDY OTTING, individually; <br><br> Defendant. | |

## COMPLAINT

Plaintiffs, Alvaro Castillo and Felipe Moreno (together, "Plaintiffs"), by and through their attorneys, Caffarelli & Associates Ltd., complain against Defendants, Scott Byron & Co., Inc. ("SBC" or the "Company"), Scott Byron, individually, Andy Otting, individually, (collectively, "Defendants"), as follows:

## NATURE OF ACTION

1. Plaintiffs bring this lawsuit pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"), based upon Defendants' failure to properly or fully compensate them for hours worked in excess of forty (40) per workweek.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of this action under the provisions of the FLSA pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. The unlawful employment practices described herein were committed within the State of Illinois and in the Northern District of Illinois. Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

4. Alvaro Castillo resides in Chicago, Illinois, in this judicial district, and worked for the Company beginning in or around May 2013 and through on or about December 9, 2021.

5. Felipe Moreno resides in Waukegan, Illinois, in this judicial district, and worked for the Company from approximately November 1992 and through on or about November 27, 2019.

6. During the relevant statutory period, Plaintiffs were employed by Defendants as "employees" as defined by the FLSA and IMWL.

7. During the course of their employment, Plaintiffs were not exempt from the maximum hours provisions of the IMWL, 820 ILCS 105/4a, or the FLSA, 29 U.S.C. § 207.

8. The Company provides landscaping services. It is an Illinois corporation that does business in Illinois and Wisconsin.

9. Scott Byron ("Byron") is the Chief Executive Officer of the Company.

10. Byron has the authority to, and does, hire and fire employees; direct and supervise the work of employees; sign on SBC's checking accounts, including payroll accounts; direct payment to employees; and make or participate in decisions regarding employee compensation.

11. Andy Otting ("Otting") is the President of the Company.

12. Otting has the authority to, and does, hire and fire employees; direct and supervise the work of employees; sign on the SBC's checking accounts, including payroll accounts; direct payment to employees; and make or participate in decisions regarding employee compensation.

13. During the relevant statutory periods, Defendants were Plaintiffs' "employers" as defined by the FLSA, 29 U.S.C. § 203(d), and IMWL, 820 ILCS 105/3(c).

14. During the relevant statutory periods, the Company was an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1).

15. During the relevant statutory periods, the Company had at least $500,000 in annual gross sales or business.

16. During the relevant statutory periods, the Company was an "[e]nterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

## FACTUAL ALLEGATIONS

17. Plaintiffs worked as foremen for the Company during relevant statute of limitations.

18. As foremen for Defendants, Plaintiffs transported and worked with machinery and equipment that moved in interstate commerce.

19. Plaintiff Castillo primarily performed work for the Company in Illinois, but on three occasions, Plaintiff Castillo performed work for the Company in Wisconsin.

20. Plaintiff Moreno primarily performed work for the Company in Illinois, but approximately twice a week, Plaintiff Moreno performed work for the Company in Wisconsin.

21. Plaintiffs did not exercise significant discretion in the execution of their job duties.

22. As part of their job duties, Plaintiffs were expected to drive, retrieve machinery, and perform manual labor.

23. Plaintiffs often were expected to and did work in excess of eight hours per day and 40 hours per individual workweek.

24. Defendants compensated Plaintiffs on a salary basis that was intended to cover a 40-hour workweek.

25. Plaintiffs worked significant overtime hours on a weekly basis.

26. Plaintiff Castillo estimates that he routinely worked approximately 55 to 60 hours per individual workweek.

27. Plaintiff Moreno estimates that he routinely worked approximately 45 to 50 hours per individual workweek, and sometimes more than 60 hours per individual workweek.

28. Defendants paid Plaintiff Castillo $825 for 40 hours of work per individual workweek. For every hour after 40, Defendants paid Plaintiff Castillo approximately $12 per hour.

29. Defendants paid Plaintiff Moreno $750 for 40 hours of work per individual workweek. For every hour after 40, Defendants paid Plaintiff Moreno approximately $8.25 per hour.

30. Per Defendants' directives, Plaintiffs tracked their time using an application on their phones. Defendants used the application to determine the number of hours Plaintiffs worked for payment purposes.

31. Defendants paid Plaintiffs weekly via direct deposit.

32. Defendants incorrectly categorized Plaintiffs as "exempt" from the overtime provisions of the FLSA and IMWL.

33. Defendants knew or should have known about their obligations to compensate Plaintiffs at the appropriate overtime rate for hours worked in excess of forty (40) per week.

## COUNT I
## FAIR LABOR STANDARDS ACT

34. Plaintiffs incorporate the above paragraphs as though fully set forth herein.

35. This Count arises from Defendants' violations of the FLSA, 29 U.S.C. § 201, *et seq.*, for their failure to pay Plaintiffs at the correct time-and-one half their regular rate of pay for all hours worked in excess of forty (40) per workweek.

36. At all times relevant, SBC has been an "employer" as defined in the FLSA. 29 U.S.C. ¶ 203, *et seq.*

37. At all times relevant, Byron has been an "employer" as defined in the FLSA. 29 U.S.C. ¶ 203, *et seq.*

38. At all times relevant, Otting has been an "employer" as defined in the FLSA. 29 U.S.C. ¶ 203, *et seq.*

39. At all times relevant, Plaintiffs were employed by SBC as an "employee" within the meaning of the FLSA. 29 U.S.C. ¶ 203, *et seq.*

40. At all times relevant, Plaintiffs were employed by Byron as an "employee" within the meaning of the FLSA. 29 U.S.C. ¶ 203, *et seq.*

41. At all times relevant, Plaintiffs were employed by Otting as an "employee" within the meaning of the FLSA. 29 U.S.C. ¶ 203, *et seq.*

42. Plaintiffs were entitled to be paid at the overtime rate for all hours worked in excess of forty (40) per workweek.

43. Defendants failed to pay Plaintiffs at the overtime rate for all hours worked over forty (40) in a workweek.

44. Defendants' failure to pay compensation to Plaintiffs at the applicable overtime rate for hours worked in excess of forty (40) hours per workweek is a violation of the FLSA.

45. Defendants knew their obligations under the FLSA, but deliberately or recklessly chose not to heed them, as demonstrated by their compensation policy and methods of payment

utilized to mask the hours Plaintiff worked in excess of forty (40) hours per week. Thus, Defendants' failure to pay overtime wages is a willful violation of the FLSA.

WHEREFORE, Plaintiffs Alvaro Castillo and Felipe Moreno, respectfully request that this Honorable Court enter an order as follows:

a) Awarding judgment for back pay equal to the amount of all unpaid overtime compensation for the three years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

b) Awarding liquidated damages in an amount equal to the amount of unpaid compensation found due pursuant to 29 U.S.C. § 216(b);

c) Awarding prejudgment interest with respect to the amount of unpaid compensation;

d) Awarding reasonable attorneys' fees and costs incurred in filing this action;

e) Entering an injunction precluding Defendants from violating the FLSA 29 U.S.C. § 201, *et seq.*; and

f) Awarding such additional relief as the Court may deem just and proper.

## COUNT II
## ILLINOIS MINIMUM WAGE LAW

46. Plaintiffs incorporate the above paragraphs as though fully set forth herein.

47. This Count arises from Defendants' violations of the IMWL, 820 ILCS 105/1, *et seq.*, for their failure to pay Plaintiffs at the correct time-and-one half their regular rate of pay for all hours worked in excess of forty (40) per workweek.

48. At all times relevant, SBC has been an "employer" as defined in the IMWL. 820 ILCS 105/3(c).

49. At all times relevant, Byron has been an "employer" as defined in the IMWL. 820 ILCS 105/3(c).

50. At all times relevant, Otting has been an "employer" as defined in the IMWL. 820 ILCS 105/3(c).

51. At all times relevant, Plaintiffs were employed by SBC as an "employee" within the meaning of the IMWL. 820 ILCS 105/1, *et seq.*

52. At all times relevant, Plaintiffs were employed by Byron as an "employee" within the meaning of the IMWL. ILCS 105/1, *et seq.*

53. At all times relevant, Plaintiffs were employed by Otting as an "employee" within the meaning of the IMWL. 820 ILCS 105/1, *et seq.*

54. Plaintiffs regularly worked in excess of forty (40) hours per workweek.

55. Pursuant to the IMWL, for all weeks during which Plaintiffs worked in excess of forty (40) hours, they were entitled to be compensated at the overtime rate.

56. Defendants violated the IMWL by failing to compensate Plaintiffs at the overtime rate for all hours worked in excess of forty (40) hours per workweek.

57. Pursuant to 820 Ill. Comp. Stat. 105/12(a), Plaintiffs are entitled to recover unpaid wages earned in the three (3) years prior to the filing of this Complaint, plus statutory damages in the amount of two percent (2%) per month of the amount of underpayments for wages earned prior to February 19, 2019, statutory damages in the amount of five percent (5%) per month of the amount of underpayments for wages earned after February 19, 2019, plus treble the amount of any underpayments.

WHEREFORE, Plaintiffs Alvaro Castillo and Felipe Moreno, respectfully request that this Honorable Court enter an order as follows:

a) Awarding judgment in an amount equal to all unpaid back pay owed pursuant to the IMWL;

b) Awarding prejudgment interest on the back pay in accordance with 815 ILCS 205/2;

c) Awarding statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

d) Awarding reasonable attorneys' fees and costs incurred in filing this action;

e) Entering an injunction precluding Defendants from violating the IMWL, 820 ILCS105/1 *et seq.*; and

**f)** Ordering such other and further relief as this Court deems appropriate and just.

Dated: March 21, 2022

Alexis D. Martin, #6309619
Nicole Young, #6333586
Caffarelli & Associates Ltd.
224 S. Michigan Ave., Ste. 300
Chicago, Illinois 60604
Tel. (312) 763-6880
*amartin@caffarelli.com*
*nyoung@caffarelli.com*

Respectfully submitted,
ALVARO CASTILLO and FELIPE MORENO,


By: /s/ Alexis D. Martin
One of Plaintiffs' attorneys